# Exhibit H

| | |
|---|---|
| **From:** | Dolores Carril <​▮▮▮▮▮▮▮▮▮▮​> |
| **Sent:** | Tuesday, January 21, 2025 6:42 AM |
| **To:** | Coleman, Keisha |
| **Cc:** | andres de familia |
| **Subject:** | Re: TIME-SENSITIVE: Carril/Lifschitz Divorce - Schwab Accounts |
| **Importance:** | High |

⚠ **EXTERNAL**

Mrs. Coleman,

The truth is that I did not actually sell the shares of 3K Investments & Holding S.A.
The transfer of the shares of 3k Investments & Holding S.A. was a fictitious act that Mr. Lifschitz, my husband at the time, demanded of me days before our separation on August 23, 2023. Mr. Lifschitz was the one who always managed - and continues to do so - the marital assets - including the shares of 3K Investments & Holding S.A. - acting as its exclusive administrator. It was so much a fictitious act that, despite the share transfer, Mr. Lifschitz continued to operate the 3k Investment Account.

In Argentina, I am initiating litigious legal proceedings aimed at preserving my marital rights derived from the extinction of the community of gains due to our divorce, and which Mr. Lifschitz intends to dismantle. For the reasons stated above, I instruct you to maintain the restriction on the 3k Investments Account. In the event of failure to do so, I will hold both the financial institution/bank and the officials involved liable for any damages.

My lawyer, Andrés Beccar Varela is copied in this email

Best Regards,
Dolores

```
arq. Dolores Carril
 cel ▮▮▮▮▮▮ 9888
```


On 17 Jan 2025, at 14:52, Coleman, Keisha <colemank@ballardspahr.com> wrote:

Ms. Carril,

1

Charles Schwab has retained Ballard Spahr LLP in connection with the above-referenced matter. Please direct all further communications regarding this matter to my attention.

I write in regard to your August 23, 2024 letter (copy attached), in which you advised Schwab that you and Martin Dario Lifschitz are engaged in a divorce proceeding pending in Argentina. In your August 23 letter, you demanded that Schwab restrict all accounts maintained in the names of you and/or Mr. Lifschitz or in the name of Fraival LLC.

I understand that, following the receipt of such letter, Schwab restricted 2 accounts: (1) a joint brokerage account maintained in the names of you and Mr. Lifschitz, as joint tenants, containing $26.94; and (2) a corporate brokerage account maintained in the name of 3K Investments & Holding S.A. (the "3K Investments Account").

Schwab's records currently identify both you and Mr. Lifschitz as authorized agents on the 3K Investments account, with Mr. Lifshitz identified as the primary contact. However, I understand from Mr. Lifschitz's attorney (copied here) that you sold your shares in 3K Investments and are no longer an owner of that company.

**Please confirm that Schwab should remove you as an authorized agent from the 3K Investment account.**

Additionally, I do not presently see a basis for continuing to maintain a restriction on the 3K Investment account. **If you have a court order stating that this particular account should be restricted in connection with the divorce, please send it to me by 6 pm ET next Wednesday, January 22, 2025**. I will review whatever you send. However, based on the limited information provided to date, I do not see a basis for continuing to restrict this corporate account.

Regards,
Keisha

**Keisha O. Coleman**
**Ballard Spahr** LLP

999 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-4421
678.420.9320 direct
678.420.9301 fax

770.833.5289 mobile | colemank@ballardspahr.com
vcard

-------------------------------
www.ballardspahr.com

<CARRIL dispute letter.pdf>

2